## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **DONNA BOBROWICZ,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | |
| **VISKASE COMPANIES, INC.**, ) | **JURY TRIAL DEMANDED** |
| a Delaware corporation, ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

Plaintiff, Donna Bobrowicz, by and through her attorneys, complains of Defendant, Viskase Companies, Inc., as follows.

## NATURE OF ACTION

1. Donna Bobrowicz enjoyed a lengthy, successful career in various capacities at Viskase Companies, Inc. ("Viskase"). Towards the end of her employment with Viskase, for several years, Plaintiff was employed as the Full-Time Associate General Counsel. In an office comprised of only two, she reported to the General Counsel who, frequently, commended her performance and proficient capabilities. Despite her exceptional performance, given her significant role at Viskase, Plaintiff believed she was not being sufficiently compensated. Indeed, Plaintiff's beliefs were confirmed when she was informed that her replacement – a male – was compensated at a significantly higher salary. Plaintiff now brings this action to redress the conduct under the federal and state Equal Pay Acts.

## JURISDICTION AND VENUE

2. Jurisdiction is provided by 28 U.S.C. §1331, as the claim involves a violation of the Fair Labor Standards Act, and specifically, the Equal Pay Act, 29 U.S.C. §206(d).

3. The Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391(b)(2) because the events giving rise to this action occurred within this judicial district.

## PARTIES

5. Plaintiff, Donna Bobrowicz, an individual, (hereinafter "Plaintiff"), is a citizen and resident of Lombard, Illinois, and was employed by Defendant.

6. Defendant, Viskase Companies, Inc., (hereinafter "Defendant" or "Viskase"), a foreign corporation incorporated in Delaware, regularly conducts business throughout the State of Illinois, including from its offices and headquarters in Lombard, Illinois.

## FACTUAL ALLEGATIONS

7. Plaintiff, a female, was employed by Viskase as legal counsel in various capacities and at various times from 1994 through 2018.

8. In or around April 2013, Mr. Michael Schenker was hired by Viskase into the role of General Counsel.

9. Mr. Schenker then began shifting Plaintiff's responsibilities to matters involving general corporate work and duties aligned with the role of Associate General Counsel.

10. Accordingly, in December 2013, Mr. Schenker offered Plaintiff the position of part-time Associate General Counsel.

11. Plaintiff accepted the role and began this part-time position on or around December 2, 2013.

2

12. After this, there were only two individuals and roles within this department – General Counsel and Associate General Counsel.

13. In her role of Associate General Counsel, Plaintiff thrived and her performance as Associate General Counsel was consistently commended, including by Mr. Schenker.

14. Indeed, in May 2015, because of Plaintiff's exceptional work, Mr. Schenker provided Plaintiff with a bonus payment due to her performance, even though, as a part-time employee, Plaintiff was not on a bonus plan.

15. Moreover, in May 2015, Mr. Schenker sought to expand Plaintiff's part-time role and make her the full-time Associate General Counsel.

16. Mr. Schenker offered Plaintiff a salary of approximately $135,000.00.

17. However, believing this rate to be below market value for the position of Associate General Counsel, Plaintiff initially declined and remained a part-time employee.

18. Nonetheless, because of Plaintiff's exceptional performance, in or around April 2016, Plaintiff was again offered the position of full-time Associate General Counsel, this time at a slightly higher rate than what she was previously offered.

19. Plaintiff accepted this position and began her role on April 1, 2016.

20. In this role, Plaintiff was entitled to a base salary, as well as a bonus based on a percentage of the value of her annual salary.

21. Plaintiff's base salary was approximately $149,000.00.

22. In this role, Plaintiff continued reporting to Mr. Schenker and her duties remained the same Associate General Counsel duties she had been performing since 2013.

23. Plaintiff's duties included, generally, providing support for the General Counsel, supporting litigation, drafting and negotiating contracts, researching legal issues, and retaining all

work dealing with patents, trademarks, and copyrights, supporting acquisitions and restructuring of debt, working with distributorship contracts, as well as whatever else the General Counsel tasked her with.

24. Plaintiff remained in full-time position of Associate General Counsel until her retirement in late June 2017.

25. However, even after her retirement, since no replacement for her had yet been hired, at the request of Mr. Schenker, Plaintiff continued working for Viskase, as outside counsel, until April 2018, performing the same duties as before as an Associate General Counsel.

26. In or around late April 2018, Plaintiff inquired about her replacement with Mr. Schenker, as still no one had yet been hired to replace her as Associate General Counsel.

27. Mr. Schenker then informed Plaintiff that a replacement had been selected, and Plaintiff learned that this replacement – a male – was to be hired into Plaintiff's position at a salary significantly higher than Plaintiff had been paid.

28. In fact, Mr. Schenker informed Plaintiff that her replacement would be compensated more than $35,000 above what she had been paid, not including his bonus entitlement.

29. Plaintiff's male replacement was hired into the same position Plaintiff had held – Associate General Counsel. He began his role in or around early May 2018, after Viskase stopped using Plaintiff's services in April 2018.

30. The newly hired Associate General Counsel was hired to perform substantially the same duties as Plaintiff had performed including, generally, providing support for the General Counsel, supporting litigation, drafting and negotiating contracts, researching legal issues, supporting acquisitions and restructuring of debt, and working with distributorship contracts, as

well as whatever else the General Counsel tasked.

31. Despite the equality of duties, effort, skill, and responsibilities of the two individuals hired for the same position, Plaintiff – a female – was compensated at a rate significantly less than her replacement – a male.

## COUNT I
## SEX-BASED WAGE DISCRIMINATION
## IN VIOLATION OF THE EQUAL PAY ACT

32. Plaintiff realleges Paragraph 1 through 31 and incorporates them as though fully set forth herein.

33. The Fair Labor Standards Act, through the Equal Pay Act of 1963, makes it unlawful for an employer to discriminate "between employees on the basis of sex by paying … a rate less than the rate which he pays wages to employees of the opposite sex in such establishment for equal work…" 29 U.S.C. § 206(d)(1).

34. By paying Plaintiff's replacement a significantly higher wage, Defendant violated the Equal Pay Act. *See* 29 U.S.C. § 206(d)(1); *see also,* 29 CFR 1620.13(b)(4).

35. By its conduct as alleged herein, Defendant discriminated against Plaintiff on the basis of her sex as Defendant, *inter alia*, paid her a rate significantly lower than that of her male replacement, despite the two performing equal work requiring equal skill, effort, and responsibility within the same working conditions.

36. Defendant's conduct toward Plaintiff illustrates a willful, knowing and intentional disregard of Plaintiff's right to be free from impermissible sex-based wage discrimination.

37. Defendant caused, attempted to cause, contributed to, or caused the continuation of, the wage rate discrimination based on sex in violation of the Equal Pay Act. Further, Defendant

5

knew of or showed reckless disregard for the fact that its conduct was in violation of the Equal Pay Act.

**WHEREFORE**, Plaintiff respectfully requests that this Court find in her favor and against Defendant on Count I as follows:

a) Declare that Defendant's conduct was in violation of the Equal Pay Act;

b) Award Plaintiff the value of the compensation lost as a result of Defendant's unlawful conduct;

c) Award Plaintiff liquidated damages in an amount equal to Plaintiff's actual damages;

d) Award Plaintiff pre-judgment interest and additional damages, as well as any other statutory penalties or relief, to offset the tax liability on the value of compensation lost, as a result of Defendant's unlawful conduct;

e) Award Plaintiff reasonable attorney's fees, costs, and disbursements;

f) Enjoin Defendant and all officers, agents, employee, and all persons in active concert or participation with it from engaging in any unlawful employment practice;

g) Enjoin Defendant and all officers, agents, employees, and all persons in active concert or participation with it to institute and carry out all policies and practices to provide equal employment opportunities for all and to prevent discrimination; and

h) Award Plaintiff any and all other relief as the Court deems just in the premises.

**COUNT II**
**SEX-BASED WAGE DISCRIMINATION**
**IN VIOLATION OF THE ILLINOIS EQUAL PAY ACT**

38. Plaintiff realleges paragraphs 1 through 31 and incorporates them as if fully set forth herein.

39. The Illinois Equal Pay Act makes it unlawful to "discriminate between employees on the basis of sex by paying wages to an employee at a rate less than the rate at which the employer pays wages to another employee of the opposite sex" for the same or substantially the same work. 820 ILCS 112/1 *et seq*.

40. By its conduct as alleged herein, Defendant discriminated against Plaintiff on the basis of her sex as Defendant, *inter alia*, paid her a rate significantly lower than that of her male replacement, despite the two performing equal work requiring equal skill, effort, and responsibility within the same working conditions.

41. Defendant's conduct toward Plaintiff illustrates a willful, knowing and intentional disregard of Plaintiff's right to be free from impermissible sex-based wage discrimination.

**WHEREFORE**, Plaintiff respectfully requests that this Court find in her and against Defendant on Count II as follows:

a) Declare that Defendant's conduct was in violation of the Illinois Equal Pay Act;

b) Award Plaintiff the value of the compensation lost as a result of Defendant's unlawful conduct;

c) Award Plaintiff pre-judgment interest and additional damages, as well as any other statutory penalties or relief, to offset the tax liability on the value of compensation lost, as a result of Defendant's unlawful conduct;

d) Award Plaintiff reasonable attorney's fees, costs, and disbursements;

e) Enjoin Defendant and all officers, agents, employee, and all persons in active concert or participation with it from engaging in any unlawful employment practice;

f) Enjoin Defendant and all officers, agents, employees, and all persons in active concert or participation with it to institute and carry out all policies and practices to provide equal employment opportunities for all and to prevent discrimination; and

g) Award Plaintiff any and all other relief as the Court deems just in the premises.

    Respectfully submitted,
    DONNA BOBROWICZ

    /s/ John P. Madden
    Attorney for the Plaintiff

John P. Madden
Abigail R. Durkin
O'Malley & Madden, P.C.
542 So. Dearborn Street, Suite 660
Chicago, Illinois 60605
(312) 697-1382
jmadden@ompc-law.com
Atty No. 6243400